WHATLEY, Judge.
Kenneth J. Stetson, individually and as personal representative of the estate of Frances R. Stetson, his wife, appeals the dismissal of his complaint with prejudice. We conclude that the trial court erred in dismissing the complaint and reverse.
Frances Stetson was a resident of the Arbors at Lakeland, and while being transported by Independent Community Transport (ICT), she fell from her wheelchair. Frances Stetson sustained injuries as a result of the fall, and less than one month later she died. Kenneth Stetson initially sued ICT, and the case was tried before a jury. During the trial, Stetson and ICT reached a settlement agreement, and as part of the agreement, Stetson agreed to assign to ICT his right to damages awarded in his suit against the Arbors.
Thereafter, ICT and Stetson both filed suit against the appellees, alleging negligence and a violation of Frances Stetson’s rights pursuant to section 440.022, Florida Statutes (1997). This complaint was dismissed upon the appellees’ motion, which alleged that the assignment between Stetson and ICT was improper. A second complaint was dismissed on the same ground.
Stetson then filed the complaint at issue individually and as personal representative of his wife’s estate. The trial court also dismissed this complaint upon the appel-lees’ motion, ruling that the assignment between Stetson and ICT was improper and was therefore void. We conclude that *768 the trial court erred in dismissing the complaint with prejudice because, regardless of whether Stetson’s assignment to ICT was valid, ICT was no longer a party to the action and the assignment did not foreclose Stetson from filing suit against the appellees.
The appellees request this court to affirm based on other grounds raised in their motion to dismiss. However, we decline to do so because it would require us to improperly look beyond the. four corners of the complaint. Hayward & Assocs. v. Hoffman, 826 So.2d 332 (Fla. 2d DCA 2002). Therefore, the order dismissing the complaint is reversed.
Reversed and remanded for proceedings consistent with this opinion.
STRINGER and COVINGTON, JJ., Concur.